James D. Kiley (2731)
KILEY, KILEY & KILEY, PLLC
107 Northern Boulevard, Suite 304
Great Neck, New York 11021
Telephone: (516) 466-7900
Facsimile: (516) 466-7903

*Attorneys for Defendant*
*Allegis Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

AMERICAN HOME ASSURANCE CO.,

                Plaintiffs,

        v.

ALLEGIS GROUP, INC.

                Defendants.

----------------------------------------------------------------x

Civil Action No. 14-CV-1260 (TPG)(KNF)

**MEMORANDUM OF LAW**

      Defendant Allegis Group, Inc., by and through its attorneys, Kiley, Kiley & Kiley, PLLC,

and pursuant to Fed. R. Civ. P. 12, hereby files this Memorandum in Support of its Motion to

Dismiss or, in the Alternative, Motion for Summary Judgment, and in support thereof states:

STANDARD OF REVIEW

      Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim

upon which relief can be granted. *Id.* In conducting its review of a complaint, the Court examines

the alleged facts in a light most favorable to the plaintiff; however, it is not required to accept the

legal conclusions drawn from the facts, and is not required to accept as true "unwarranted

inferences, unreasonable conclusions, or arguments." *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338

(4th Cir. 2006) (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'Ship*, 213 F.3d 175, 180 (4th

-1-

Cir. 2000)). A claim is considered "plausible" when sufficient factual content is pled to allow the court "to draw the reasonable inference" that a defendant is liable for the alleged conduct. *Clear Sky Car Wash, L.L.C. v. City of Chesapeake,* 910 F. Supp. 2d 861, 869-70 (4th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 67 (2009)). Likewise, dismissal on the grounds that plaintiff has failed to file the claim within the applicable limitations period is appropriate. *Suburban Hosp., Inc. v. Dwiggins*, 83 Md. App. 97, 121, 573 A.2d 835, 847 (1990), *rev'd on other grounds*, 324 Md. 294, 596 A.2d 1069 (1991); *Pierce v. Johns-Manville Sales Corp.*, 296 Md. 656, 664, 464 A.2d 1020, 1025 (1983) (citing *Poffenberger v. Risser*, 290 Md. 631, 431 A.2d 677 (1981); *Harig v. Johns-Manville Prods. Corp.*, 284 Md. 70, 394 A.2d 299 (1978)). Where a limitations defense is apparent from the face of the complaint, it is encompassed within the broader defense that the complaint fails to state a claim upon which relief can be granted, and may be raised through that defense in a motion. *Pierce*, 296 Md. at 664, 464 A.2d at 1025.

When a defendant files a motion to dismiss but wishes the court to consider facts and evidence outside the four corners of the complaint, the defendant can style the motion as an alternative one and request dismissal or entry of summary judgment. *Hrehorovich v. Harbor Hosp. Ctr.*, 93 Md. App. 772, 784, 614 A.2d 1021, 1027 (1992), *cert. denied*, 330 Md. 319, 624 A.2d 490 (1993). Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate when there is no genuine dispute of material fact. Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving part to demonstrate that there is an absence of evidence in the record to support the non-moving party's case, and only disputes over facts that may affect the ultimate outcome of the suit will be considered material. *Celotex*, 477 U.S. at 325; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party makes the above showing,

the burden shifts and the part opposing summary judgment must present admissible evidence demonstrating the existence of a material dispute. *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 535 (D. Md. 2007). Bald or general allegations of a dispute are not sufficient; rather, there must be admissible evidence upon which a jury could reasonably find for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 251).

## ARGUMENT

A. *As there is no choice of law provision in the underlying policy between the parties, New York law regarding choice of law disputes mandates that Maryland law apply to the instant case.*

In analyzing disputes over choice of law New York has traditionally employed the approach outlined in the Restatement (Second) of Conflict of Laws. Restatement (Second) Conflict of Laws § 188. The Restatement (Second) approach analyzes the following factors in determining which state has the most interest or most significant relationship to the dispute in a case, mandating the application of that state's substantive law: (1) the general needs of interstate commerce; (2) the relevant policies of the forum in which the suit is filed; (3) the relevant policies of other interested states; (4) the relative interests of all interested states, including the forum state, in the determination of the particular issue; (5) the protection of justified expectations; (6) the basic policies upon which the applicable field of law is founded; and (7) the ease in determining and applying the law. *Id.*; *see also Kaszak v. Liberty Mut. Ins. Co.*, 744 N.Y.S.2d 286, 286 (N.Y. 2002).

In analyzing the above factors, it is clear that Maryland law applies to the instant dispute. Defendant is a Maryland corporation that holds its principal place of business in the State of Maryland. Exhibit 1 at ¶ 2. The policy in question was executed in Maryland, where Defendant operates its principal place of business, and the policy itself contains solely Maryland endorsements. Exhibit 3. In analyzing contracts and choice of law disputes, Maryland has

steadfastly adhered to the strict *lex loci contractus* rule, which states that the law of the place where the contract was formed governs. *See Allstate Ins. Co. v. Hart*, 327 Md. 526, 529, 611 A.2d 100, 101-02 (1992). Maryland's application of this approach demonstrates its strongly held view that the law of the jurisdiction where the contract was made should apply to disputes arising out of said contract. *Id.* In point of fact, the only tie that this dispute has with the State of New York is that it is the state where Plaintiff is incorporated. In sum, applying the factors outlined in the Restatement (Second), Maryland law must apply to this dispute.

> B.    *Plaintiff's claims are time barred under Maryland's statute of limitations for breach of contract actions.*

Maryland applies a three year statute of limitations for recovery pursuant to a breach of contract claim. Md. Code Ann., Cts. & Jud. Proc. § 5-101. A breach of contract action generally "accrues" when the contract in question is breached, and when the breach was, or should have been, discovered by the plaintiff. *Boyd v. Bowen*, 145 Md. App. 635, 669, 806 A.2d 314, 333 (2002) (quoting *Jones v. Hyatt Ins. Agency, Inc.*, 356 Md. 639, 741 A.2d 1099 (1999)).

In the instant case, Plaintiff, by its own admission, had notice of the Sarrami claim at or around January 23, 2009. Exhibit 2. As a result of its knowledge of the claim, and the policy in question, Plaintiff wrote to the third-party administrator for the Defendant on March 12, 2009 outlining its acceptance of the tender for defense and indemnification, and also outlining *the exact grounds for the instant claim*; namely, that Defendant was responsible for the costs associated with the litigation and settlement of the Sarrami claim. *Id.* Despite this knowledge, Plaintiff waited until February 26, 2014 to file the instant case. Under applicable Maryland law, Plaintiff's cause of action accrued, at the latest, on March 12, 2009, which makes the instant suit unequivocally time barred.

## CONCLUSION

Pursuant to New York's application of the Restatement (Second) approach to choice of law disputes, Maryland law is the appropriate law to be applied to the instant dispute. As such, Plaintiff had three years from the date its cause of action accrued to file the instant case. Plaintiff had knowledge of the grounds for its claim, at the latest, on or around Maryland 12, 2009, yet it inexplicably delayed filing suit until February of 2014. Under the applicable statute of limitations, Plaintiff's claims are undeniably time barred.

WHEREFORE, Defendant Allegis Group, Inc. respectfully requests that this Honorable Court:

A    Grant Defendant's Motion for Summary Judgment; and

B    Enter judgment in favor of the Defendant as to all claims filed by the Plaintiff; and

C    Grant such further relief as this Court deems necessary under the facts and circumstances of this case.

Respectfully Submitted,

ALLEGIS GROUP, INC.
DEFENDANT
BY COUNSEL

Kiley, Kiley & Kiley, PLLC
107 Northern Blvd
Suite 304
Great Neck, NY 11021
P:  516.466.7900
F:  516.466.7903

James D. Kiley
Bar # 2731

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of June, 2015, I served, by UPS Overnight mail,

postage pre-paid, a copy of Defendant Allegis Group, Inc.'s Memorandum in Support of its Motion

to Dismiss, or, in the Alternative, Motion for Summary Judgment, on the following:

Matthew D. Kennedy, Esq.
Pino & Associates, L.L.P.
50 North Main Street
16th Floor
White Plains, New York 10606
Attorneys for Plaintiff

_____
James D. Kiley